PER CURIAM.
Appellee, buyer of a motel, lounge, and restaurant complex, obtained from the seller a seller’s warranty and indemnification agreement which stated that should the buyer be unable to utilize the liquor license conveyed as part of the transaction as intended due to no fault of his own, the seller would indemnify him for expenses incurred. After closing, the buyer was unable to procure the necessary health department (HRS) approval to use the license to serve liquor in the restaurant and lounge. This was due to the fact that HRS would not grant a food service license to open the facilities because the sewage system on the property was inadequate. The seller denied liability. When the appellee ceased making mortgage payments to the seller, the seller filed a foreclosure action. Appellee filed a counterclaim alleging breach of the warranty and indemnification agreement.
In response to requests for admissions, the seller admitted that from the date of the HRS inspection, the sewage system were inadequate to permit use of the liquor license in the manner in which the restaurant and lounge had previously been operated. However, the record reveals that the sewage system used by the restaurant and lounge had not been in compliance with HRS sewage disposal regulations for a number of years before the sale. Therefore, because the buyer intended to use the liquor license in the restaurant and lounge as they had been previously operated but found he could not due to no fault of his own, it was proper to enter partial summary judgment in the buyer’s favor.
AFFIRMED.